**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40682
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY ARNOLD TALLENT,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CR-16-1)

March 5, 1996

Before POLITZ, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Timothy Arnold Tallent appeals his sentence for mail fraud. Finding that the district court erred by adjusting the offense level upwards based solely upon the victims' ages, we vacate and remand for resentencing.

<u>Background</u>

Tallent pled guilty to mail fraud, a violation of 18 U.S.C. § 1341. This mail fraud was part of a scheme in which Tallent induced Floyd and Betty Boston, an elderly couple, to cash

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

in their life insurance policy and invest the proceeds in an entity called T.A. United Trust. Not surprisingly, Tallent neglected to inform the Bostons that he was the primary beneficiary of this trust. Also not surprisingly, the Bostons enjoyed no return on their investment.

The presentence report recommended a two-level upward adjustment under U.S.S.G. § 3A1.1,[1] based solely upon the fact that 11 out of the 12 victims of Tallent's scheme were 60 years of age or older, eight being in their 80s. The PSR also concluded that whether the defendant had targeted these victims intentionally was irrelevant because the factual basis for enhancement had been satisfied "once the defendant knew the victims' ages and proceeded to induce them to invest in a fictitious trust." The district court agreed, overruled Tallent's objection to the PSR, and imposed a sentence of 24 months imprisonment. Tallent appeals.

### Analysis

The burden rests upon the government to prove a factual basis for section 3A1.1 enhancement, with the district court's factual findings being reviewable for clear error.[2] We previously have noted that "vulnerability is a complex fact dependent on a number of characteristics;" as such, it "is not reducible to a calculation of the victim's age."[3] The

---

[1]This section provides for a two-level upward adjustment "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct."

[2]**United States v. Leonard**, 61 F.3d 1181 (5th Cir. 1995).

[3]**United States v. Mejia-Orosco**, 868 F.2d 807, 809 (5th Cir.) (on denial of rehearing), cert. denied, 492 U.S. 924 (1989). We do not mean to say that some salient quality other than age is required to show vulnerability. The elderly may be "unusually vulnerable or particularly susceptible" to certain fraudulent schemes. **Leonard**, 61 F.3d at 1188. Such vulnerability, however, cannot merely be assumed from the victim's age, but must be demonstrated factually and proven to be a trait of which the defendant knew or should have known to justify an upward adjustment under this section.

district court made no express findings regarding the <u>vulnerability</u> of the victims and Tallent's awareness thereof, the fulcrum for adjustment under section 3A1.1.  Given the insufficiency of the requisite factual findings, the increase must be vacated.  We express no opinion about the propriety of an adjustment, leaving that entirely to the trial court.

VACATED and REMANDED for resentencing.